NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TAMMY TRAVIS, : | |
| : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 03-CV-4111 (DMC) |
| NEW JERSEY DEPARTMENT OF : | |
| PERSONNEL and CITY OF NEWARK : | |
| : | |
| Defendants. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter comes before the Court upon Defendant New Jersey Department of Personnel's ("NJDOP") motion to dismiss all claims filed against the NJDOP by *pro se* Plaintiff Tammy Travis. No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant NJDOP's motion is **granted**.

**I. BACKGROUND**

      Plaintiff filed the Complaint in the instant action on August 29, 2003, against Defendants NJDOP and the City of Newark, alleging violations of various federal statutes as well as federal and state constitutional provisions. The case was dismissed November 3, 2004, for failure to execute proper service, but was reopened upon application of the Plaintiff on December 21, 2004. On January 24, 2005, Defendant NJDOP filed an Answer to the Complaint. Defendant NJDOP filed the instant motion to dismiss on June 17, 2005. Plaintiff has not filed opposition to Defendant's motion.

The Court accepts as true the factual allegations in Plaintiff's Complaint for the purposes of this motion. Plaintiff is a woman seeking employment by the City of Newark as a firefighter. Complaint ¶4. Plaintiff has applied for and taken the examination for classification of firefighter. Id. It appears from the Complaint that Plaintiff took the 2000 firefighter exam administrated by the DOP for the entry-level position of firefighter. Id. at ¶16. Plaintiff was or should have been on the hiring list to become a firefighter and was denied employment by the City of Newark. Id. at ¶13. Plaintiff states that the instant action is based on Defendants "discriminatory selection process and treatment of plaintiff in job selection." Id. at ¶1.

## II. STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the Complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Worth v. Selden, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1988); Robb v. Philadelphia, 733 F.2d 286, 290 (3d Cir. 1984). In evaluating a Rule 12(b)(6) motion to dismiss, a court may consider only the Complaint, exhibits attached to the Complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Due to an understandable difference in legal sophistication, a complaint drafted by a *pro se* litigant must be held to a less exacting standard than a complaint drafted by trained counsel. Haines v. Kerner, 404 U.S. 519 (1972). Nonetheless, a court should dismiss the case

pursuant to Rule 8(a), "if a *pro se* complaint is so confusing or unintelligible that no party could possibly understand or reply to it." Cole v. Commonwealth Federal, 1994 WL 618464, *1 (E.D.Pa.); citing King v. Fayette County, 92 F.R.D. 457, 458 (W.D.Pa.1981); Brown v. Califano, 75 F.R.D. 497 (1977).

### III. DISCUSSION

*New Jersey's Sovereign Immunity*

In its moving papers, Defendant NJDOP argues that Plaintiff's claims as to the NJDOP must be dismissed as barred by New Jersey's sovereign immunity under the Eleventh Amendment. Sovereign immunity applies to state agencies and state officials acting in their official capacities where it is shown that "the state is real, substantial party in interest." Bennett v. City of Atlantic City, 288 F.Supp.2d 675, 683 (D.N.J. 2003)(quoting Ford Motor Co. v. Dep't of Treasury, 323 U.S. 459 (1945)). A defendant bear the burden of proving that they are entitled to sovereign immunity. See Chisolm v. McManimon, 275 F.3d 315, 323 (3d Cir. 2001). In making the determination of whether a defendant enjoys sovereign immunity, a Court must properly consider: (1) whether payment of a judgment would come from the state treasury; (2) the status of the entity under state law; and (3) the entity's degree of autonomy. The first factor is generally given the most weight, although no one factor is determinative. See Bennett, 288 F.Supp. 2d at 681 (citing Chisolm, 275 F.3d at 323).

Defendant NJDOP is an agency within the executive branch of the New Jersey State government. See Antonelli v. State of New Jersey, 310 F.Supp.2d 700 (D.N.J. 2004). Any judgment against the NJDOP would be paid by the State. As such, the NJDOP is an arm of the state and is entitled to sovereign immunity under the Eleventh Amendment.

Two exceptions exist to sovereign immunity. First, a state can consent to suit in federal

court. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 (1985). Second, Congress can abrogate state sovereign immunity "in the exercise of its power to enforce the Fourteenth Amendment." See Antonelli at 713 (quoting College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999)).   Neither exception is applicable to the instant action.

Plaintiff has asserted a variety of claims against the NJDOP. The federal claims asserted by Plaintiff include violations of "the Civil Rights Act of 1866, 42 U.S.C. § 1981, 1983, 1985 and 1988, 42 U.S.C. 2000e, et. seq., and the Fourteenth Amendment." Complaint at ¶3. Because Defendant NJDOP enjoys sovereign immunity, Plaintiff's federal claims against NJDOP must be dismissed.

Plaintiff also asserts state law claims against Defendant NJDOP, which include violations of the New Jersey Law Against Discrimination, and the New Jersey Civil Service regulations. Complaint at ¶3.  These state law claims are also barred by sovereign immunity. Antonelli at 714.

In light of the above, Plaintiff's claims with regard to Defendant NJDOP are dismissed.

## CONCLUSION

Based on the foregoing, Defendant NJDOP's motion to dismiss Plaintiff's claims as to NJDOP is **granted**, and Plaintiff's claims as to Defendant NJDOP are dismissed. As such, Defendant NJDOP is hereby terminated from this action.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:         December 29, 2005
Original:     Clerk's Office
cc:           All Counsel of Record
              File